IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

Plaintiff,

vs.

KEVIN PATRICK JAMES III

Defendants

Case No. 3:24-mj-00313-KFR

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Michael Harkless, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit is submitted in support of a criminal complaint against KEVIN PATRICK JAMES III (hereinafter "SUBJECT") charging him with the misdemeanor offense of indecent exposure on an aircraft, in violation of 49 U.S.C. § 46506(2), and D.C. Code Section 22-1312 (which was formerly codified as D.C. Code Section 22-1112).

2. I am familiar with the information contained in this affidavit based upon the investigation I have conducted, in conjunction with other federal, state, and local law enforcement officials, which has included exchanging information with law enforcement officers and others; reviewing notes, reports, database records and other information acquired during this investigation; reviewing evidence obtained therefrom; and interviewing witnesses.

3. Because I submit this affidavit for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or the government.

I have only included those facts necessary to establish probable cause to believe that SUBJECT has committed a violation of 49 U.S.C. § 46506(2), and D.C. Code Section 22-1312.

4. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been a SA with the FBI for approximately two years. I am currently assigned to the Violent Crime Squad in the FBI's Anchorage Field Office. Prior to employment with the FBI, I served as an active-duty Army officer from May 2011 to January 2022.

5. As part of my FBI duties in the VC Squad, I investigate and assist with investigations in criminal violations of federal law, to include federal sex trafficking and prostitution offenses, racketeering offenses, bank robberies, firearms violations, and the Controlled Substances Act. I also investigate violations of federal law occurring in the Special Aircraft Jurisdiction of the United States as part of my duties as an Airport Liaison to Ted Stevens International Airport.

## RELEVANT STATUTES AND REGULATIONS

6. The relevant statutory authority and terms used in this affidavit and its attachments are described and defined below.

7. 49 U.S.C. § 46506 applies certain federal and state criminal laws to acts committed by individuals on an aircraft in the special aircraft jurisdiction of the United States. In pertinent part, Title 49, United States Code, Section 46506(2), applies D.C. Code Section 22-1312, which was formerly codified as D.C. Code Section 22-1112. That section of the D.C. Code states, "It is unlawful for a person, in public, to make an obscene or indecent exposure of his or her genitalia or anus [or] to engage in masturbation," or to engage in a sexual act as defined in § 22-3001(8).

070824

A violation of this section is a misdemeanor punishable by imprisonment "for not more than 90 days," and a fine of not more than $500.

## PROBABLE CAUSE STATEMENT

8. On July 5, 2024, at approximately 1:52 p.m., your affiant received a phone call from FBI Anchorage's Operations Center and relayed information that an individual had exposed his genitalia and fondled himself in front of passengers on Alaska Airlines flight 2176.

9. This flight was from King Salmon, AK and was enroute to Anchorage, AK.

10. Your affiant and several officers from the Anchorage Airport Police ("AAP") made contact with the SUBJECT and several witnesses once the flight landed at the Anchorage Airport.

11. A witness (BC) stated SUBJECT was extremely fidgety and kept putting his head on back of the seat in front of him. BC noticed SUBJECT's hand kept shaking and BC's initial thought was SUBJECT was having a seizure. BC saw SUBJECT attempting to masturbate in his seat. BC only saw the head of SUBJECT's genitalia. BC could not articulate further if SUBJECT's genitalia were erect or flaccid because BC was shocked by the act and did not want to see what SUBJECT was doing. BC pushed the button to call the flight attendant and they took over.

12. A witness (JC) stated SUBJECT was restless and acting like SUBJECT was on drugs. Halfway through the flight SUBJECT, "…pulled his penis out and started playing with himself."

JC clearly saw that SUBJECT was masturbating. JC estimated that SUBJECT was masturbating for approximately twenty seconds before JC stood up and confronted the SUBJECT. JC reported that SUBJECT was not yet erect but was clearly intending to masturbate. SUBJECT put his genitalia back in his pants. SUBJECT continued to be trouble during the rest of the flight.

13. A flight attendant (MC) stated that she was approached by a passenger claiming SUBJECT was exposing himself and performing lewd acts. When MC and another flight attendant went to confront SUBJECT, SUBJECT was asleep.

14. Approximately ten minutes later SUBJECT woke up and denied the act. Three witnesses made corroborating statements that SUBJECT had exposed himself and was performing lewd acts.

15. SUBJECT then slept during most of the flight.

16. When the plane was approximately three minutes from landing, multiple passengers approached MC stating SUBJECT was doing the same acts again.

17. The captain (AJ) of Alaska Airlines flight 2176 was notified while ascending that SUBJECT was exposing himself and touching his private area. AJ notified Anchorage Operations and requested police meet the plane at the gate upon landing.

18. Two AAP officers attempted to interview SUBJECT upon the flight's arrival. SUBJECT was belligerent with one officer and would interrupt the officer while they attempted to mirandize SUBJECT. The officer left the interview room since SUBJECT appeared to want to speak with the second officer present.

070824

19. SUBJECT was then advised of his Miranda rights and made the following statements:

   a. SUBJECT was a fisherman and was not on drugs and had been clean for over a year and a half by choice.

   b. SUBJECT met several guys before getting on the plane and had a "pint".

   c. SUBJECT denied exposing his genitalia. SUBJECT had blacked out on the plane and did not know what happened.

20. SUBJECT was arrested for indecent exposure and masturbating on an aircraft.

21. While waiting to be processed and remanded and Anchorage Correctional Complex (ACC), SUBJECT made several unprompted statements in front of officers and your affiant:

   a. SUBJECT wanted to be blood tested so officers could see SUBJECT was not on any kind of substance. This would prove that SUBJECT had issues and needed help.

   b. SUBJECT couldn't have pulled his genitalia out because he could not even do that in front of his "baby momma."

22. SUBJECT was advised per ACC's policy he had to remain seated until called forward for processing. Several minutes later, SUBJECT wanted to know what he was being arrested for. When advised of the violation, subject immediately stood up and started walking away from seat. Officers ordered SUBJECT to remain seated and he was immediately compliant.

070824

23. SUBJECT initially refused to take a breathalyzer test during admittance to ACC. SUBJECT demanded a blood test. When ACC's nurse explained she did not have the tools to administer a blood test SUBJECT submitted to the breathalyzer. Your affiant noted that the reading from the test was a 0.136.

## CONCLUSION

24. Based upon the information above, your affiant submits that there is probable cause to believe that KEVIN PATRICK JAMES III, did expose himself and began to masturbate on an aircraft in violation of 49 U.S.C § 46506(2), and D.C. Code § 22-1312.

*Michael Harkless*

Michael Harkless
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 41(d)(3) on this ___ day of ___ July 8, 2024.

_____
HON. KYLE F. REARDON
United States Magistrate Judge
District of Alaska